IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 97-10117
Summary Calendar

WILLIAM D. SALAZAR,

Plaintiff-Appellant,

versus

AETNA LIFE INSURANCE COMPANY, ET AL.,

Defendants,

OWENS-ILLINOIS SALARY EMPLOYEE WELFARE BENEFIT PLAN,

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:94-CV-1785-D
- - - - - - - - - -
September 22, 1997
Before KING, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:[*]

William D. Salazar appeals from the grant of summary
judgment for the defendant, Owens-Illinois Salary Employee
Benefit Plan ("the Plan"), in his action under the Employee
Retirement Income Security Act (ERISA).  Salazar contends that
this court should overrule *Pierre v. Connecticut Gen. Life Ins.*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

*Co.*, 932 F.2d 1552 (5th Cir. 1991), and hold that federal courts should apply a de novo standard of review to factual determinations under ERISA plans. Salazar also contends that the Plan erred by basing its determination that he was not disabled on the 1995 report of Dr. Charles Crane, who allegedly refused to accept the records of surgeries performed on Salazar between 1993 and 1995.

One panel of this court cannot overrule another panel. *United States v. Taylor*, 933 F.2d 307, 313 (5th Cir. 1991). Salazar's contention that this court should overrule *Pierre* therefore is unavailing.

The district court did not err by granting summary judgment for the Plan. The Plan conducted its own investigation of Salazar's disability claim, as it was entitled to do. *Salley v. E.I. DuPont de Nemours & Co.*, 966 F.2d 1011, 1015 (5th Cir. 1992). Dr. Crane's report indicated that he knew about the surgeries performed on Salazar and the pain Salazar experienced; Salazar does not indicate how Dr. Crane's conclusions might have been different had he accepted the records of those surgeries. Salazar has failed to show a disputed issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

AFFIRMED.